IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10364
Summary Calendar
_____

RICHARD L. ANDREWS, JR.,

                                                      Plaintiff,

versus


COMPUSA, INC.; ET AL,

                                                      Defendants,

LOUIS PERRY CACCAMO,

                                            Plaintiff-Appellant,

COMPUSA, INC.,

                                            Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:00-CV-1368-D)
--------------------
November 7, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     In separate cases, Plaintiff Richard L. Andrews, Jr. and
Plaintiff-Appellant Louis Perry Caccamo sued Defendant-Appellee
CompUSA, Inc. in the district court for the Eastern District of
Pennsylvania, asserting claims in breach of contract for CompUSA's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purported refusal to pay commissions. The cases were consolidated and thereafter transferred to the Northern District of Texas (Andrews's case was eventually settled and is not at issue in this appeal). Both CompUSA and Caccamo filed motions for summary judgment: The court denied Caccamo's and granted CompUSA's, dismissing Caccamo's action with prejudice.[1]

Caccamo filed a motion for reconsideration more than ten days following entry of summary judgment, so the district court treated that motion as one seeking relief under Federal Rule of Civil Procedures 60(b) ("Rule 60(b)") and denied it. Caccamo appeals both the judgment dismissing his suit and the order denying relief under Rule 60(b).

The district court's careful and exhaustive Memorandum Opinion and Order of February, 2002 demonstrates beyond cavil that Caccamo's failure to comply with Civil Rule 56.5(a) of the Northern District of Texas "significantly impacts" the disposition of CompUSA's motion for summary judgment against him (and, perforce, the denial of Caccamo's own summary judgment motion). Indeed, the district court went well beyond the extent required in ferreting out evidence despite this failure of Caccamo to comply with the applicable local and federal rules. Under well-settled law, the

---

[1] As Andrews's case was still ongoing, the court certified its dismissal of Caccamo's action as a final judgment pursuant to Federal Rule of Civil Procedure 54(b), giving us appellate jurisdiction under 28 U.S.C. § 1291. Federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

court was not required to "comb the record" on its own to salvage Caccamo's case from his deficient filings. Rule 56 clearly does not require the court to go to such extremes in seeking out evidence.[2]

Given Caccamo's failure, as non-movant under CompUSA's motion for summary judgment, to meet his burden of designating specifically the record location of each material fact that would create genuine issues and thereby eschew summary judgment, we are satisfied that the district court correctly granted CompUSA's summary judgment on the basis of the federal and local rules alone. The court went further, however, and supported its grant of summary judgment to CompUSA (and its denial of Caccamo's summary judgment motion) by correctly analyzing the substantive flaws in Caccamo's claim to an oral contractual right to receive commissions, particularly in light of the sparse evidence identified by Caccamo, and ultimately determining that he could not conceivably succeed.

We are equally satisfied that the district court's denial of Caccamo's Rule 60(b) motion is correct and free from reversible error. Relief of the nature requested by Caccamo is difficult to justify and rarely granted. Like its treatment of these parties' summary judgment motions, the district court's disposition of

---

[2] See Doddy v. Oxy USA, Inc., 101 F.3d 448, 463 (5th Cir. 1996)(citing Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996)).

Caccamo's Rule 60(b) motion is correct and free of reversible error.

Based on our review of the appellate briefs of counsel, the rulings of the district court, and the relevant portions of the record, we are convinced that Caccamo's appeal from the district court's denial of his summary judgment and grant of CompUSA's summary judgment must fail. We are likewise convinced that his appeal from the court's denial of his Rule 60(b) motion is without merit. For essentially the same reasons extensively articulated by the district court, its dismissal of Caccamo's action and denial of his Rule 60(b) motion are, in all respects,

AFFIRMED.